FILED
CLERK
10/27/2015 12:11 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                              **OPINION & ORDER**
                                                        02-CR-1469 (SJF)

RALPH MARTINO,

                        Defendant.
------------------------------------------------------------------X
FEUERSTEIN, J.

        On January 28, 2010, defendant Ralph Martino ("defendant") pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute marijuana and a second count of conspiracy to launder money. On January 22, 2010, the Honorable Thomas C. Platt sentenced defendant, *inter alia*, to a term of imprisonment of one hundred (100) months, to be followed by a period of supervised release of five (5) years. Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, defendant's motion is granted in part, and denied in part.

                                    I.        Background

        Defendant pleaded guilty pursuant to a plea agreement, and was convicted of conspiracy to distribute one thousand kilograms (1,000 kg) or more of marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, a Class A felony, and conspiracy to launder money, 18 U.S.C. §§ 1956(h) and (a)(1), a Class C felony. [Docket Entry No. 35]. The Court determined that under the United States Sentencing Guidelines Manual ("the Guidelines") in effect at the time of defendant's sentencing, defendant's base offense level was thirty-five (35), and his Criminal History Category was II, which resulted in a custodial guideline range of one hundred eighty-eight (188) to two hundred thirty-five (235) months. Addendum to the

1

Presentence Report (Add. Pres. Rep.) 1, [Docket Entry No. 42];

*see* former U.S.S.G. § 2D1.1(a)(5). The United States provided a letter pursuant to Section 5K1.1 of the Guidelines seeking a reduced sentence based on defendant's substantial assistance. [Docket Entry No. 36]. Judge Platt considered the factors set forth in 18 U.S.C. § 3553(a) ("the Section 3553 factors"), including the fact that defendant rendered "substantial assistance," and sentenced defendant to a term of imprisonment of one hundred (100) months custody and five (5) years supervised release, a downward departure from the Guideline range. [Docket Entry No. 35].

An addendum to defendant's presentence report reflects that on April 22, 2010, defendant was designated to the Federal Correctional Institution in Butner, North Carolina. Add. Pres. Rep. 2. A Federal Bureau of Prisons SENTRY inquiry indicates that defendant was sanctioned with thirty days' loss-of-telephone privileges after he was absent from his assignment on April 25, 2011. *Id.* He received his GED on July, 2012, attended approximately three hundred sixty-four hours (364) hours of educational courses, and participated in food-service and kitchen details. *Id.* His current release date is July 24, 2016, at which time he will have served seventy-five (75) months. *Id.*

II. Discussion

Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence from a term of imprisonment of one hundred (100) months to seventy (70) months, which he argues represents the same proportional downward departure from the now applicable Guideline range. Defendant's Brief (Def.'s Br.) 2, [Docket Entry No. 40]. The United States opposes defendant's motion insofar as defendant's proposed sentence-reduction would reduce his sentence to less

than the time he has already served.

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2690 (2010); *see also United States v. Johnson*, 732 F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing."). Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," *Dillon*, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address . . . arguments regarding [other] errors at [the defendant's] original, now-final sentencing." *United States v. Mock*, 612 F.3d 133, 134-35 (2d Cir. 2010).

"The Supreme Court has set forth a 'two-step inquiry' for resolving motions pursuant to § 3582(c)(2) for a sentence reduction." *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013) (citing *Dillon*, 560 U.S. 817, 130 S. Ct. at 2683); *accord United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 . . . by determin[ing] the prisoner's eligibility for a sentence modification and the extent of

3

the reduction authorized." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id*.

At the second step of the *Dillon* inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." *Mock*, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. *See United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted . . . .")); *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." *Freeman v. United States*, 131 S. Ct. 2685, 2694 (2011).

    A.    Eligibility for a Sentence Reduction

Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the

4

Guidelines by reducing the offense levels in the Drug Quantity Table by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014, authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant was released prior to November 1, 2015. *See United States v. Vargas*, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10(e) of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." *Wilson*, 716 F.3d at 52 (quotations and citation omitted); *see also United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), *cert. denied, Bautista v. United States*, ─ S. Ct. ─, 2015 WL 2256183 (Oct. 5, 2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. *See Freeman*, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

> (a) Authority–
>
>> (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
(b) Determination of Reduction in Term of Imprisonment.–

(1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.– (A)   Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.   (B)   Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.   (C)   Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

. . . .

(e)   Special Instruction.– (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions

from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." *Freeman*, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, defendant's base offense level is eligible for a reduction from thirty-five (35) to thirty-three (33), and defendant is eligible for a reduction in sentence in accordance with Application Note 3 to U.S.S.G. § 1B1.10(b)(2)(B) for having provided substantial assistance. Add. Pres. Rep. 1. The new custodial Guideline range is one hundred fifty-one (151) months to one hundred eighty-eight (188) months. *Id.* Applying the same proportional downward departure as Judge Platt did to account for defendant's substantial assistance, defendant could have his sentence reduced by roughly twenty (20) months, i.e., to eighty (80) months. *See* U.S.S.G. § 1B1.10(b)(2)(B).1 However, reducing defendant's sentence by twenty (20) months would violate U.S.S.G. § 1B1.10(b)(2)(C), which provides that, "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Accordingly, defendant is eligible to have his sentence reduced by a maximum of eight (8) months and twenty-four (24) days because his current release date is July 24, 2016.

B. Whether a Reduction is Warranted

Upon (1) review of the defendant's sentencing memorandum, the Addendum to the Presentence Report and the parties' submissions on this motion; (2) reconsideration of the applicable factors under 18 U.S.C. § 3553(a); and (3) consideration of the nature and seriousness of the danger that may be posed by a reduction in defendant's term of imprisonment and his endeavors and lack of any serious disciplinary issues while incarcerated, the Court finds that an eight (8) month, twenty-four (24) month reduction of defendant's sentence is appropriate under

---

1 Defendant's arithmetic appears erroneous.

the circumstances of this case.   Except as otherwise provided herein, all provisions of the judgment dated January 22, 2010 shall remain in effect.

III.    Conclusion

For the reasons set forth above, defendant's motion seeking to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is granted; and defendant's previously imposed sentence of imprisonment of one hundred (100) months is reduced to ninety-one (91) months and six (6) days.   Pursuant to U.S.S.G. § 1B1.10(e)(1), this Order shall be effective November 1, 2015.

SO ORDERED.

                                                      _____/s/_____
                                                 SANDRA J. FEUERSTEIN
                                               United States District Court

Dated: October 27, 2015
       Central Islip, New York